THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

FILED IN UNITED STATES DISTRICT COURT, DISTRICT OF UTAH

OCT 22 2009

D. MARK JONES, CLERK
BY_____
DEPUTY CLERK

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

| | |
|---|---|
| JUAN AYALA GONZALEZ ) | Case No. 1:08CV146 DS |
| Petitioner, ) | |
| vs. ) | MEMORANDUM DECISION |
| UNITED STATES OF AMERICA ) | |
| Respondent. ) | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

The petitioner, Juan Ayala-Gonzalez, came before this Court on a violation of 21 U.S.C. § 841(a)(1), Distribution of Methamphetamine and Possession of Methamphetamine, Cocaine, and Marijuana with Intent to Distribute. On September 11, 2007, he pleaded guilty to Count 1 of the Indictment, and on December 6, 2007, he was sentenced to 135 months imprisonment followed by 60 months supervised release. No direct appeal was taken. On December 8, 2008 Ayala-Gonzalez filed the present Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255.[1]

Ayala-Gonzalez claims that he was denied effective assistance of counsel because his attorney failed to raise the issue that the Court has no jurisdiction to impose a sentence based on an amount of drugs different from the amount charged in the Indictment. The Grand Jury Indictment charged Ayala-Gonzalez with knowingly and intentionally distributing 500 grams of

---

[1] The court is satisfied that the present motion is within the one year limitations period for filing § 2255 "[i]f a defendant does not pursue a timely direct appeal to the court of appeals, his or her conviction and sentence become final, and the statute of limitations begins to run, on the date on which the time for filing such an appeal expired." *Kapral v. United States*, 166 F.2d 565, 577 (3d Cir. 1999). In a criminal case, a defendant has 10 days after the entry of judgment in which to file a notice of appeal. Fed. R. App. P. 4(b). The motion is within that time frame.

methamphetamine. However he pleaded guilty to knowingly and intentionally delivering 1,771 grams of methamphetamine, and his sentence was based on that amount. Because the amounts differ, Ayala-Gonzalez argues that his rights were violated.

The Court finds this claim to be without merit. First, Count 1 of the Indictment states that Mr. Ayala-Gonzalez "did knowingly and intentionally distribute 500 grams *or more* of a mixture or substance containing a detectable amount of methamphetamine" (emphasis added). The Indictment charged the petitioner with distributing *at least* 500 grams of methamphetamine, indicating that it could be more than that. The Court was clearly not limited to imposing a sentence based on 500 grams.

Second, at his change-of-plea hearing, Ayala-Gonzalez admitted that the methamphetamine that he delivered to a residence in Clearfield, Utah on December 15, 2006, weighed 2,831.3 grams, of which 2,285.4 grams were pure or actual methamphetamine. *See* Government's response to Defendant's Position with Respect to Sentencing Factors (Doc. #101). Those amounts were incorporated into ¶12(a) of the Statement by Defendant in Advance of Plea of Guilty. However, before Gonzalez signed the Statement, the amount of 2,831.3 grams was reduced to 1,779 grams, with the pure or actual amount being changed to 1,771 grams. Both Ayala-Gonzalez and his attorney initialed the handwritten change to the Statement. Petitioner then signed the Statement in Advance of Plea, which contained this statement: "My decision to enter this plea was made after full and careful thought, with the advice of counsel, and a full understanding of my rights, the facts and circumstances of the case and the consequences of the plea."

The handwritten changes to the Statement in Advance of Plea, initialed by the petitioner and his attorney, clearly indicate that Mr. Ayala-Gonzalez knew that he was pleading guilty to

possession and distribution of 1,771 grams of methamphetamine. In fact, not only did he know that was the amount, it appears that he participated in negotiating that amount. There is no indication that defense counsel was ineffective in any way.

For the foregoing reasons, Petitioner's motion to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255 is **DENIED**.

**IT IS SO ORDERED**.

DATED this 22d day of October, 2009.

BY THE COURT:

*[signature]*

DAVID SAM
SENIOR JUDGE
UNITED STATES DISTRICT COURT